FILED
SUPERIOR COURT
OF GUAM

2024 JUL 19 PM 2: 35

CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| DONNA LAWRENCE,<br><br>Petitioner,<br><br>vs.<br><br>DOUGLAS B. MOYLAN, as a Public Official capacity as the elected ATTORNEY GENERAL OF GUAM, JOSEPH GUTHRIE, as a Public Official in the OFFICE OF THE ATTORNEY GENERAL OF GUAM, GARY W.F. GUMATAQTAO, as a Public Official in the OFFICE OF THE ATTORNEY GENERAL OF GUAM, and D. GRAHAM BOTHA, as a Public Official in the OFFICE OF THE ATTORNEY GENERAL OF GUAM<br><br>Respondents. | SPECIAL PROCEEDINGS NO. SP0136-23<br><br><br>**DECISION AND ORDER**<br>Re: Respondents' GRCP Rule 12(b) Motion to Dismiss the Amended Complaint |

This matter came before the Honorable Arthur R. Barcinas on April 23, 2024 for a hearing upon Respondents Douglas B. Moylan, Joseph Guthrie, and D. Graham Botha's ("Respondents") GRCP Rule 12(b) Motion to Dismiss the Amended Complaint ("Motion"). Respondents were represented by Attorney William Pole. Plaintiff Donna Lawrence ("Plaintiff") was represented by Attorney Jacqueline T. Terlaje. Upon consideration of the parties' arguments, the Court **DENIES** the Motion.

### BACKGROUND

On October 23, 2023, Petitioner filed a Complaint under the Sunshine Reform Act for alleged failure of the Office of the Attorney General ("OAG") to disclose public documents required by law. In the Complaint, Petitioner specifically requested that the OAG produce:

(i) All OAG documents, including all electronic policies and procedures, concerning access to an employee's personnel file, maintenance of OAG employee personnel files, records required to be kept and maintained, including but not limited to, all documents allowing an employees' review of his/her own personnel file, all documents concerning release of copies of a personnel file and/or portions to an employee, documents allowing access, review, and all documents concerning review and/or release of copies to third parties, including OAG personnel; all documents concerning the nature and type of documents to be kept and maintained in an employee's OAG personnel file, and all policies as to where and how the personnel file is to be kept and maintained (i.e. locked, filing cabinet, maintained electronically, backups).

(ii) All documents, including electronic communications and documents, concerning the persons and job title at OAG responsible for maintaining, updating and storing an OAG employee's personnel file onsite and offsite, including all electronic documents and all electronic personnel files, archived files, and all physical and online backups and storage of such files kept onsite and offsite.

    (a) All documents concerning the duties and requirements of all persons, onsite and offsite, with access to and/or responsible for, access, maintenance, storage, retention and release of records to an employee upon request and to all other persons other than a requesting employee.

    (b) All documents concerning OAG worker's compensation policies, notices and OAG record keeping and storage of all worker's compensation claims received by any and all OAG employees for the period January 1, 2023 to present;

    (c) All OAG documents and policies, including electronic communications and documents, concerning the OAG's current grievance process and required steps, including but not limited to, all documents adopting those policies, and all documents relating to access, maintenance and storage of al OAG grievance documents made between January 1, 2023 to present.

(iii) All documents concerning OAG's maintenance, storage and retention of an employee's personnel file, including all physical and electronic files, all methods of storage of an employee's personnel file, all means of backups and archival (physical files, physical backups, online backups, cloud and other storage).

(iv) All OAG documents (including all electronic communications and documents) concerning the OAG's keeping, maintenance, storage and retention of an electronic OAG employee personnel file.

(v)     All OAG document retention policies, including hard copies and online copies and backups, concerning the following:
        (a)   An employee's personnel file at OAG; and
        (b)   Employee's work email accounts;

(vi)     All documents concerning the OAG's authorized destruction of any and all OAG documents, including but not limited to personnel files, for any reason.

(vii)     All documents (including electronic documents and communications), between January 1, 2023 to present, concerning OAG attorney time sheets and record keeping to be submitted by OAG personnel to the Department of Administration (DOA) payroll.

(viii)     All documents, including electronic communications, from any and all OAG personnel to OAG attorneys in any and all OAG divisions, between January 1, 2023 to present concerning any requirement of OAG attorneys to sign in and out on a daily, weekly or other basis.

(ix)     All documents, including electronic communications, as to the submittal of time sheets by or on behalf of an OAG classified attorney, including all requirements as to any which requires review, signature and approval by an OAG attorney's supervisor, between January 1, 2023 to present.

(x)     All documents, including all electronic documents, and communications regarding IT between January 1, 2023 to present.

Mot., at 2-4.

Petitioner alleged that she had sought disclosure of the documents via email on April 29, 2023, and September 5, 2023, and submitted additional requests for status on April 30, 2023, August 21, 2023, September 11, 2023, and September 21, 2023. Petitioner alleged the OAG failed to produce any public documents in response.

On December 7, 2023, there being no responsive pleading filed by Respondents by that date, Petitioner amended the Complaint to include another request for public documents under the Sunshine Reform Act. Petitioner alleged that, on November 8, 2023, she also requested

disclosure of distinct public records unrelated to her initial requests, specifically personnel documents related to contracts and special attorneys general. Petitioner alleged the OAG again produced no documents, and that the OAG instead declared it was unable to discuss Petitioner's requests directly with her because she was represented by counsel.

On February 1, 2024, Respondents filed the instant Motion, requesting that the Court dismiss the action "pursuant to Guam Rules of Civil Procedure ("GRCP") 12(b)(1) and 12(b)(6)." Mot., at 1. In the Motion, Respondents argue that the Court allegedly lacks subject matter jurisdiction due to ongoing litigation and Petitioner's alleged failure to provide a proper summons, that the Court allegedly lacks personal jurisdiction due to insufficient service, that any request submitted under the Freedom of Information Act ("FOIA") is moot due to existing litigation, and that this case is ripe for dismissal under Guam Rules of Civil Procedure ("GRCP") 12(b)(6) because the ongoing litigation precludes Petitioner from alleging a legally cognizable claim.

On February 29, 2024, Petitioner opposed, arguing that the Court does not lack jurisdiction based on Respondents' claims of defective summons, and that her Complaint is not moot based on her independent right to seek grievance and appeal her adverse action before the Guam Civil Service Commission ("CSC"),

On March 15, 2024, Respondents replied, arguing that Petitioner's claim regarding the summons is both defective and misleading, that a plain reading of the FOIA statute provides for a liberal reading of exempt disclosure of records, and that Petitioner allegedly does not explain why the issues should not be considered moot.

On April 24, 2024, the Court heard arguments from both parties on the matter and took the matter under advisement

## DISCUSSION

Respondents expressly state in their introduction that they are bringing this Motion to Dismiss "pursuant to GRCP 12(b)(1) and 12(b)(6)." Mot., at 1. However, they later refer to a "Lack of Personnel[sic] Jurisdiction due to Insufficient Service," which the Court will take as an argument pursuant to GRCP 12(b)(2), for lack of personal jurisdiction. Mot., at 4. Thus, the Court will also include GRCP 12(b)(2) in its analysis.

### I.    Legal Standard

Guam law allows that certain defenses to a claim for relief may be made by motion, including: "(1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, ..."[and] (6) failure to state a claim upon which relief can be granted." GRCP 12(b).

GRCP Rule 12(b)(1) allows a defendant to raise a defense by motion of lack of jurisdiction over the subject matter. *Id.*

In considering GRCP 12(b)(2), Guam courts may exercise jurisdiction over non-resident defendants on any basis not inconsistent with the Organic Act of Guam or the Constitution of the United States. 7 GCA § 14109.

In ruling on a motion to dismiss under GRCP 12(b)(6), the Court must accept all the well-pleaded facts as true, construe the pleading in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor. *Cruz v. Cruz*, 2023 Guam 20 ¶ 10. Guam law requires only a short and plain statement of the claim showing entitlement to relief. *Ukau v. Wang*, 2016 Guam 26 ¶ 52. Whether a plaintiff pleaded or proved his claim by preponderance of the evidence is immaterial at the 12(b)(6) phase; Plaintiff merely has to state sufficient facts to place Defendant on notice of his claim. *Id.* ¶ 53. A plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and

a formulaic recitation of the elements of a cause of action will not do," but beyond this, the Supreme Court has declined to apply a heightened plausibility standard to local civil proceedings, and it imposes only a liberal notice pleading requirement. *Id.* ¶¶ 26, 33. Dismissal for failure to state a claim is appropriate only if it appears beyond doubt that the non-moving party can prove no set of facts in support of his claim which would entitle him to relief. *Cruz,* 2023 Guam 20 ¶ 10. In ruling on a 12(b)(6) motion, the Court's consideration is limited to the Complaint, written instruments attached to the complaint as exhibits, statements or documents incorporated in the complaint by reference, and documents on which the complaint heavily relies. *Core Tech Int'l Corp. v. Hanil Eng. & Constr. Co.,* 2010 Guam 15 ¶ 29.

## II.  GRCP 12(b)(1)

Respondents initially state that they are bringing this Motion pursuant to 12(b)(1), which allows a party to "raise a defense of lack of jurisdiction over the subject matter by Motion." Mot., at 4. Respondents cite Supreme Court precedent for the proposition that "[s]tanding is a threshold issue which courts must address before any other inquiry." *Id.* (citing *Guam Imaging Consultants, Inc. v. Guam Mem'l Hosp. Auth.,* 2004 Guam 15 ¶ 17).

Respondents then state that Petitioner failed to provide a proper summons and that, by providing a Litigation Hold Notice, Petitioner joined the Respondents' position that litigation was ongoing. According to Respondents, "[l]itigation comes with its own exclusive methods for obtaining evidence or information." Mot., at 4. Petitioner argues that the OAG erred in constituting their prior interactions as "pending litigation," and that such position is not supported by Guam law. Opp., at 5. Petitioner specifically states that, "[w]hile Respondents refer to Petitioner's employee grievances between April and September 2023, Respondents have failed not only to identify and document that relates to 'pending litigation,' but to specifically

identify the pending litigation that they are seeking to withhold public documents." *Id.*, at 6. Petitioner asserts that there is no exception under the Sunshine Reform Act for a request of documents in anticipation of litigation. *Id.* Petitioner further argues that, "while referring to the anticipated litigation, as ["]anticipatory," Respondents have conceded that at the time of the Sunshine Reform Act Request no litigation was in existence until the filing of the Complaint herein." *Id.*

In anticipation of potential litigation, "[t]he common law imposes the obligation to preserve evidence from the moment that litigation is reasonably anticipated," not when litigation is already ongoing. *Apple Inc. v. Samsung Electronics Co., Ltd.*, 881 F.Supp.2d 1132, 1145 (N.D. Cal. 2012) A future litigant's duty to preserve evidence arises no later than the date when opposing counsel requests by letter to preserve relevant evidence. *Id.*

Pursuant to 5 GCA § 10108, a party is generally not required to disclose "[r]ecords pertaining to pending litigation to which the agency is a party, until the pending litigation has been finally adjudicated or otherwise settled."

The Court agrees with Petitioner that Respondents appear to have conflated potential litigation with "pending litigation." 5 GCA § 10102, governing definitions for the Sunshine Reform Act, does not specifically define "pending litigation," but the term is generally understood in the Guam Code Annotated to mean cases that are currently before the Court. *See, e.g.*, 7 GCA § 11402(d) (stating that, for purposes of actions for injury, illness, or wrongful death, pending litigation "shall include any action that has been filed in the courts of Guam"). Upon the Court's review of the record, no issue in this case was before this Court or any court when Petitioner filed her Complaint, and Respondents do not refer to any case in the state or federal courts of Guam that would preclude Petitioner from seeking the aforementioned

documents. Because the controversy between Petitioner and Respondents did not constitute "pending litigation" until it was filed before the Court, the Court finds that the documents are not exempt from discovery under 5 GCA § 10108.

Further, the Court does not find that Petitioner's Litigation Hold Notice is sufficient evidence of any ongoing litigation, as it merely put Respondents on notice of potential litigation and their duty to preserve any evidence relevant to that future litigation. Accordingly, the Court does not find that Respondents' claim for lack of standing has merit.

### a. Petitioner's request under the Sunshine Act is not moot.

Respondents also argue for lack of subject matter jurisdiction on the grounds that Petitioner's Complaint is allegedly moot. Respondents assert that the parties "are in litigation over multiple issues and all FOIA requests are asking for information that is or could be considered discovery in the multiple forums in which parties are litigating in." Mot., at 5. Respondents further allege that, when Petitioner provided her request for a litigation hold, any request to the Court to demand production of documents became subject to the exemption under 5 GCA § 10108(a). Petitioner again argues that Respondents are conflating potential litigation with actual or pending litigation.

Again, because the Court has determined that said documents are not exempt under 5 GCA § 10108(a), the Court also finds that Petitioner's argument for mootness is without merit.

### III. GRCP 12(b)(2)

While Respondents do not specifically cite GRCP 12(b)(2), they raise the issue of a "Lack of Personnel[sic] Jurisdiction due to Insufficient Service." Mot., at 4. On this issue, Respondents state that, pursuant to GRCP 12(a), "[t]he government of Guam or an officer or agency thereof shall serve an answer to the complaint, or to a cross-claim, or a reply to a

counterclaim, within 60 days after the service upon the Attorney General or appropriate agency counsel of the pleading in which the claim is asserted." Mot., *Id.* Respondents assert that Petitioner provided them with a summons giving them twenty (20) days to respond, which is the response time for non-government defendants. *Id.*

In her Opposition, Petitioner states that she provided Respondents with both a twenty (20) and sixty (60) day summons. Opp., at 5. Petitioner further argues that the time to respond to a Sunshine Reform Act request is determined by the Court, not the GRCP, emphasizing that "[t]he times for responsive pleadings and for hearings in these proceedings shall be set by the judge of the Court with the object of securing a decision as to these matters at the earliest possible time." Opp., at 5 (quoting 5 GCA § 10111(b)). Petitioner contends that, because Respondents have entered their appearance in these proceedings, the Court has been granted the statutory authority to set a time for responsive pleadings and shorten the time frames allowed by GRCP 12(a). *Id.*

Again, the Court agrees with Petitioner that, in the context of a Sunshine Reform Act proceeding, the times prescribed by GRCP 12(a) do not apply and it falls to the Court to determine the times for responsive pleadings. Thus, the Court finds that Petitioner's service to Respondents was not insufficient, and the Court retains personal jurisdiction over this matter.

## IV.   GRCP 12(b)(6)

Finally, Respondents argue that this matter should be dismissed under GRCP 12(b)(6), on the grounds that Petitioner has allegedly "co-mingled personal complaints with alleged requests for documents under [the Sunshine Reform Act]" and that "[t]he response of the Respondents was legally sufficient under the Sunshine Act." Mot., at 7. In her Opposition, Petitioner stated that, under the Sunshine Reform Act, there is no exception for the OAG to

refuse compliance with a request for public documents because "[e]very person has the right to inspect and take a copy of any public document on Guam, except as otherwise expressly prohibited in law," and the Sunshine Reform Act "does not allow limitations on access to a public record based upon the purpose for which the record is being requested, if the record is otherwise subject to disclosure." Opp. at 6 (citing 5 GCA §§ 10103, 10110). In their Reply, Respondents argue only that they "reasonably interpreted [5 GCA § 10108, the statute governing limitation on the right of inspection] to protect all requested information from disclosure." Reply, at 5.

In ruling on a motion to dismiss under GRCP 12(b)(6), the Court must accept all the well-pleaded facts as true, construe the pleading in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor. *Cruz v. Cruz*, 2023 Guam 20 ¶ 10. Guam law requires only a short and plain statement of the claim showing entitlement to relief. *Ukau v. Wang*, 2016 Guam 26 ¶ 52. Dismissal for failure to state a claim is appropriate only if it appears beyond doubt that the non-moving party can prove no set of facts in support of his claim which would entitle him to relief. *Cruz*, 2023 Guam 20 ¶ 10.

Reading the Complaint in the light most favorable to Petitioner as the non-movant, the Court does not find that dismissal under 12(b)(6) is appropriate. The law states that Petitioner's intent in seeking documents under the Sunshine Reform Act is immaterial, and despite Respondents' protests that they sufficiently answered Petitioner's Sunshine Reform Act requests, the Court finds this disingenuous at best. Respondents stated their position that, "[a]s Former Deputy Attorney General Gary W.F. Gumataotao indicated in his response pursuant to the Sunshine Reform Act, anything involving litigation, personnel matters, or any other privilege (such as Attorney Work Product) is[sic] allowed under existing law is exempt from a

FOIA request." Opp. at 9. However, upon a review of the documents sought by Petitioner, she does not seek any privileged information or personnel material, merely policy and procedural information regarding how such material was handled, which is a very different matter entirely.

At the very least, the Court finds that it does not appear beyond doubt that Petitioner could prove no set of facts in support of her claim which would entitle her to relief. Accordingly, the Court also finds no merit in Respondents' 12(b)(6) argument.

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** Respondents' Motion to Dismiss.

**IT IS SO ORDERED** _____ JUL 1 9 2024 _____

_____
**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

**SERVICE VIA EMAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:

*William Poke, Jacque*

JUL 1 9 2024 _____ *Template*
Date _____ Time: _____ *5:06 pm*

*Edna M. Nego*
Deputy Clerk, Superior Court of Guam